JS-6

FILED
CLERK, U.S. DISTRICT COURT

10/23/2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CW_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Experience Hendrix, LLC, a Washington Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>Zabell Entertainment, LLC, *et al.*,<br><br>    Defendants. | Case No. CV-14-07865-MWF-MRW<br><br>**JUDGMENT** |

In accordance with the Court's Order Granting Motion for Terminating Sanctions (Docket No. 39),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

    1.    **Jurisdiction**

This Court has jurisdiction over the parties to and the subject matter of this action. The jurisdiction of this Court shall be retained for the purposes of enforcing this Judgment.

    2.    **Permanent Injunction**

    A.    Defendant The James Marshall Hendrix Foundation d/b/a Jimi Hendrix Foundation (hereinafter "Defendant") and each of its officers, directors,

including but not limited to Joe Rosignolo, Charles Hernandez, Tom Hagen, Dr. David T. Harris, Gordon Shoji, Theresa DuBois Haynes, Randy C. Whaley, Phil Gates, Alan Shierling, Willie Basse, RPM, LLC of NY and Dan Pikarsky, agents, servants, contractors, employees, attorneys, successors, assigns, and all corporations or entities in which Defendant participates now or in the future, and all other persons in active concert or participation with Defendant and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are permanently restrained and enjoined from using, causing to be used, advertising, causing to be advertised, registering, applying to register, or challenging or causing to be challenged the marks JIMI HENDRIX, HENDRIX, EXPERIENCE HENDRIX, AUTHENTIC HENDRIX, related logos (including, without limitation, a head shot or bust logo and signature logo of Jimi Hendrix), and other trademarks, service marks, logos, names, trade names, and other indicia of origin owned by Plaintiff Experience Hendrix, L.L.C. (hereinafter "Plaintiff"), whether registered or not, and whether incontestable or not (hereinafter the "Hendrix Marks"), in whole or in part, or any colorable imitation of or any mark or name likely to cause confusion with the Hendrix Marks, anywhere in the world, unless they receive permission in writing from Plaintiff.

    B. Defendant, and each of its officers, directors, agents, servants, contractors, employees, attorneys, successors, assigns, and all corporations or entities in which Defendant participates now or in the future, and all other persons in active concert or participation with Defendant and those who receive actual notice or knowledge of this injunction by personal service or otherwise, are perpetually ordered and are permanently restrained and enjoined from:

      (1) using, reproducing, copying, or imitating the Hendrix Marks, or causing or allowing the Hendrix Marks to be used, reproduced, copied, or imitated for any purpose, including without limitation on or in connection with

merchandise and products of every kind and nature, including on tags, hangtags, wrappers, receptacles, labels, packaging, containers, bags, and boxes, and on or in connection with advertising or promotion of any services of any kind and nature;

   (2) owning or using any domain name or website name incorporating or using the Hendrix Marks or any portion or reasonable facsimile thereof, including without limitation "HENDRIX" or "JIMI HENDRIX" or "JIMI" for any purpose, including but not limited to, owning or using www.jimihendrixfoundation.com, www.jimihendrix1.com, or any and all other social media platforms which incorporate the Hendrix Marks, including but not limited to the Facebook Jimi Hendrix Foundation LLC page;

   (3) owning or using any business name incorporating the Hendrix Marks or any portion or reasonable facsimile thereof (including without limitation "HENDRIX" or "JIMI HENDRIX" or "JIMI" or "JAMES MARSHALL HENDRIX"), for any purpose;

   (4) using the following "Jimi Hendrix headshot" logos or any similar mark, brand, or logo, for any purpose and in connection with any products or services or for any use whatsoever;





 

(5) using the following Jimi Hendrix signature or any similar signature, mark, brand, or logo, for any purpose and in connection with any products or services or for any use whatsoever:

(6) passing themselves off or holding themselves out in any manner whatsoever, directly or indirectly, as being a business of or related to or licensed by or having the authorization of or a connection with, or having been formed by, Jimi Hendrix, James A. "Al" Hendrix, Plaintiff, or Authentic Hendrix, LLC (or any of their owners, officers, members, directors, employees, agents, or affiliates), unless they receive permission in writing from Plaintiff;

(7) making or causing any third party to make any statement or representation whatsoever, or using any false designation of origin or false description, and/or performing any act which can or is likely to lead the general public or ultimate purchaser to believe that the business of either Defendant, or its licensees, distributors or other agents, is in any manner associated with, or connected with, licensed by, or authorized or approved by the Plaintiff, its affiliated companies, or any of their owners,

officers, members, directors, employees, agents, or affiliates;

(8) taking any action or making any statement, or causing any third party to take any action or make any statement, that does or could dilute, disparage or denigrate the distinctive quality or reputation of the Hendrix Marks or Plaintiff, or cause unfavorable associations regarding the Hendrix Marks by any conduct of any Defendant; and

(9) engaging or causing any third party to engage in any other activities constituting trademark infringement, unfair competition, trademark dilution, or any other violation of Plaintiff's rights in and to the Hendrix Marks, and counseling, aiding, abetting or procuring any person or entity to commit a breach of any part of this Permanent Injunction.

C. Within ten (10) days after entry of this Permanent Injunction, Defendant shall withdraw from the stream of commerce all advertising materials (including website pages and all social media pages of every kind and nature) and products, and all product packaging and labels containing, using or displaying the Hendrix Marks or any portion thereof.

D. Within ten (10) days after entry of this Permanent Injunction, Defendant shall remove any and all references, images and photographs to and of Plaintiff, Authentic Hendrix, LLC, Jimi Hendrix, James A. "Al" Hendrix, and Plaintiff's officers, directors, members and employees from their websites and advertising materials, and are prohibited from using any photographs owned by Plaintiff or Authentic Hendrix, LLC, or either of their owners, officers, members, directors, employees, agents, or affiliates for advertising or sales or any other purposes.

E. Within ten (10) days after entry of this Permanent Injunction, Defendant shall transmit a copy of this Permanent Injunction to its affiliates, officers, directors, agents, servants, contractors, employees,

attorneys, distributors and licensees, and to all other persons in active concert or participation with Defendant, and to any individuals or entities who Defendant knows are in possession of advertising materials and/or products, product packaging, or labels intended to be sold or distributed either wholesale or retail that contain the Hendrix Marks or any enjoined marks or materials, and to each person who has acquired or licensed from Defendant any products, product packaging, labels, or advertising materials bearing the Hendrix Marks or reasonable facsimile.  Defendant shall direct all such persons to comply with the terms of this Permanent Injunction and shall demand that each such distributor, seller, retailer, agent, customer, licensee, and person immediately withdraw the products from the market and cease all related advertising and marketing.  Defendant shall make the financial arrangements necessary to secure the return to them or destruction of such advertising materials and/or products, product packaging, or labels.

      F.    Defendant is directed to serve on Plaintiff within thirty (30) days after entry of this Permanent Injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with this Permanent Injunction.

      G.    This Court shall retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce this Permanent Injunction.

      H.    This Permanent Injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

**3.**    **Costs and Attorneys' Fees**

Each Party shall bear its own costs and attorneys' fees.

//

//

//

**4.** **Service**

Plaintiff is directed to serve Defendant with this Judgment by means calculated to provide actual notice.

Dated: October 23, 2015  _____
MICHAEL W. FITZGERALD
United States District Judge